## VINTON PETROLEUM CO. OF TEXAS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7323.

Circuit Court of Appeals, Fifth Circuit.
June 9, 1934.

L. J. Benckenstein, of Beaumont, Tex., for petitioner.

Warren F. Wattles, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Frank B. Schlosser, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The petitioner, Vinton Petroleum Company of Texas, during the years 1927, 1928, and 1929, produced oil from wells in Louisiana located on eight different but neighboring tracts acquired at different times, some in fee simple, some under leases. Since 1914 the company had consistently capitalized its expenditures for labor and the like in drilling wells instead of returning them as expenses in carrying on the business, and apparently did this in the returns for the years here in question on which deficiency assessments were made and appeal taken to the Board of Tax Appeals. Before the Board on September 5, 1932, by supplemental petition the taxpayer sought to take credit for such expenditures made during the tax years as expenses of business, but this was denied. The Board also held that the 27½ per cent. deduction for depletion which the taxpayer claimed for each year was to be estimated separately on the gross income from each tract of land, and not on the aggregate from all, which made a difference unfavorable to the taxpayer. 28 B. T. A. 549. These two holdings are the subject of this review.

Revenue Act 1926, § 204 (c) (2), 26 USCA § 935 (c) (2), which introduced the percentage depletion allowance, provided: "In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph." That act by section 234 (a) (8), 26 USCA § 986 (a) (8), authorized the Commissioner with the approval of the Secretary to prescribe rules and regulations under which the depletion allowance was to be made. By Regulation 69, art. 221, it was provided: "In general 'the property' as the term is used in section 204 (c) (2) and this Article refers to the separate tracts or leases of the taxpayer." Like statutory language was used in Revenue Act 1928, § 114 (b) (3), 26 USCA § 2114 (b) (3), and again in Revenue Act 1932, § 114 (b) (3), 26 USCA § 3114 (b) (3), and the same interpretation was followed in Regulation 74, article 241, and Regulation 77, article 221. This interpretation, which is reasonable and practical, must be regarded as having the approval of Congress. Brewster v. Gage, 280 U. S. 327, 337, 50 S. Ct. 115, 74 L. Ed. 457; Murphy Oil Co. v. Burnet, 287 U. S. 299, 307, 53 S. Ct. 161, 77 L. Ed. 318.

On the second question, Regulation 69, article 223, gave the taxpayer the option to deduct drilling costs and the like as development expenses or to charge them to capital account returnable through depletion, adding: "An election once made under the provisions of this Article will control the taxpayer's returns for all subsequent years." The same provisions occur in Regulation 74, article 243, under the Revenue Act of 1928. This Regulation is reasonable, and is supported by Congressional noninterference in subsequent legislation. The taxpayer having elected in the development of these properties to capitalize these expenses, that method of procedure must be continued as to them. Vacillation would cause confusion. The taxpayer does not thereby lose his credits. He is to get them distributively through depletion instead of at once as expense. When he elects to take the percentage depletion, as he has the right to do touching any property, that allowance covers all elements of depletion. The taxpay-

er cannot take out this development cost to recoup it additionally as an expense. United States v. Dakota-Montana Oil Co., 288 U. S. 459, 53 S. Ct. 435, 77 L. Ed. 893.

The petition for review is denied.