**KIRBY LUMBER CO. v. UNITED STATES.**
No. L–52.

Court of Claims
Dec. 1, 1930.

Thomas J. Reilly, of Washington, D. C. (Robert Ash, of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Fred K. Dyar and William E. Davis, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff brings this suit to recover $17,188.99, income taxes which it claims were erroneously assessed against it for the calendar year 1923.

The plaintiff during the taxable year issued its own bonds at par, and later within the year purchased on the open market certain of these bonds at less than par, and retired them. The difference between the par value of such bonds and the price at which they were purchased and retired was the sum of $137,521.30.

The question before the court for determination is this, namely, is the $137,521.30 the excess of the issuing price of the bonds over the purchase price a taxable gain or income to the plaintiff for the year 1923?

Article 545 of Treasury Regulations 62 provides:

"Sale and retirement of corporate bonds. —(1) (a) If bonds are issued by a corporation at their face value, the corporation realizes no gain or loss. (b) If thereafter the corporation purchases and retires any of such bonds at a price in excess of the issuing price or face value, the excess of the purchase price over the issuing price or face value is a deductible expense for the taxable year. See section 234 of the statute and article 563. (c) If, however, the corporation purchases and retires any of such bonds at a price less than the issuing price or face value, the excess of the issuing price or face value over the purchase price is gain or income for the taxable year."

In conformity with the regulations, the Commissioner of Internal Revenue determined that the excess of the issuing price of the bonds over the purchase price represented taxable income to the plaintiff and assessed and collected the taxes in question.

The plaintiff contends that the item in controversy is not taxable as income because it was not gain derived from either capital or labor, or from both combined, or through a sale or conversion of capital, and cites in support of its contention a long line of decisions of the Board of Tax Appeals, which decisions are premised on Bowers v. Kerbaugh-Empire Co., 271 U. S. 170–174, 46 S. Ct. 449, 451, 70 L. Ed. 886.

In the Kerbaugh-Empire Case, supra, the defendant in error had before the World War borrowed money from a bank in Germany, repayable in marks or their equivalent in gold coin of the United States.

A subsidiary of the defendant in error, for whose use the money was borrowed, lost the money in business and claimed, and was allowed, a loss of such amounts in its income-tax returns for the years in which the losses occurred.

In 1921 the defendant in error made payment of the balance due on its notes. Owing to the depreciated value, at that time, of the German mark, there was, measured by United States gold coin, a difference between the value of the marks borrowed at the time the loans were made and the amount paid in liquidation of the unpaid balance the sum of $684,456.18.

The Commissioner of Internal Revenue treated this sum of $684,456.18 as income for the year 1921 and assessed taxes thereon. The Supreme Court held that it was not taxable as income. The court stated the issue to be:

"The question for decision is whether the difference between the value of marks measured by dollars at the time of payment to the Custodian and the value when the loans were made was income."

The court then said:

"The Sixteenth Amendment declares that Congress shall have power to levy and collect taxes on income, 'from whatever source derived' without apportionment among the several states, and without regard to any census or enumeration. * * *

"'Income' has been taken to mean the same thing as used in the Corporation Excise Tax Act of 1909 (36 Stat. 112), in the Sixteenth Amendment, and in the various revenue acts subsequently passed. Southern Pacific Co. v. Lowe, 247 U. S. 330, 335, 38 S. Ct. 540, 62 L. Ed. 1142; Merchants' L. & T. Co. v. Smietanka, 255 U. S. 509, 519, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. After full consideration, this court declared that income may be defined as gain derived from capital, from labor, or from both combined, including profit gained through sale or conversion of capital. Stratton's Independence v. Howbert, 231 U. S. 399, 415, 34 S. Ct. 136, 58 L. Ed. 285; Doyle v. Mitchell Brothers Co., 247 U. S. 179, 185, 38 S. Ct. 467, 62 L. Ed. 1054; Eisner v. Macomber, 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. And that definition has been adhered to and applied repeatedly. See, e. g., Merchants' L. & T. Co. v. Smietanka, supra [255 U. S.], 518, 41 S. Ct. 386 [65 L. Ed. 751, 15 A. L. R. 1305]; Goodrich v. Edwards, 255 U. S. 527, 535, 41 S. Ct. 390, 65

L. Ed. 758; United States v. Phellis, 257 U. S. 156, 169, 42 S. Ct. 63, 66 L. Ed. 180; Miles v. Safe Deposit Co., 259 U. S. 247, 252, 253, 42 S. Ct. 483, 66 L. Ed. 923; United States v. Supplee-Biddle Co., 265 U. S. 189, 194, 44 S. Ct. 546, 68 L. Ed. 970; Irwin v. Gavit, 268 U. S. 161, 167, 45 S. Ct. 475, 69 L. Ed. 897; Edwards v. Cuba Railroad, 268 U. S. 628, 633, 45 S. Ct. 614, 69 L. Ed. 1124. In determining what constitutes income substance rather than form is to be given controlling weight. Eisner v. Macomber, supra [252 U. S.], 206, 40 S. Ct. 189 [64 L. Ed. 521, 9 A. L. R. 1570]."

Counsel for the government contend that the decision in this case does not support the position of the plaintiff in the instant case. It is urged that the decision is "authority for the proposition that when A borrows money and loses, through business reverses, the entire amount of money borrowed, any subsequent settlement with the lender whereby A is enabled to liquidate his obligation for less than its face amount, the difference between the amount paid to liquidate the obligation and the face amount of the obligation is not income."

Counsel say:

"It is conceivable that had the Kirby Lumber Company been insolvent when it purchased the bonds in question at a discount on the issuing price, the decision of the Supreme Court in the Kerbaugh-Empire Company Case might be authority to sustain its position that the transaction resulted in no taxable gain; but, so far as the record in this case discloses, such were not the facts."

We cannot agree with the contentions of counsel for the defendant. It is obvious that where a person issues obligations and afterwards redeems such obligations at a price less than that of their issue, such person derives gain through the transaction. The question is whether such gain is taxable as income. In our opinion the question whether the person engaging in such transaction is solvent or insolvent, or whether he made a profit or suffered a loss through the use of the money for which the obligations were issued, is wholly immaterial.

That this was the view of the Supreme Court in the Kerbaugh-Empire Case is unmistakably shown in the court's precise and explicit statement of the issue. Had the factors urged by the defendant been considered material to the determination of the case, they would undoubtedly have been included by the court in its statement of the issue.

We think the decision in the Kerbaugh-Empire Case fully sustains the contentions of plaintiff in the instant case that the excess of the issuing price of its bonds, over the purchasing price of such of its bonds as it purchased subsequent to issue, is not taxable as income, and that the taxes herein were erroneously assessed and collected.

Judgment is therefore awarded the plaintiff in the sum of $17,188.99, with interest thereon as is by law provided. It is so ordered.