E. B. HIGLEY & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51003. Promulgated January 11, 1932.

*E. S. Gage, C. P. A.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in income tax for the fiscal year ended January 31, 1928, in the amount of $2,653.68. All of the issues raised by the pleadings have been abandoned except one, namely, whether the respondent correctly included as income to the petitioner the amount of $15,411.89, the total of petitioner's debts which were forgiven during the taxable year.

The petitioner is an Iowa corporation with its principal place of business at Mason City. During the taxable year it was in the hands of receivers. As a part of the plan for strengthening its financial condition, certain creditors accepted preferred stock of a par value equal to their claims; others accepted such stock for part of their claims and received the balance in cash, while others forgave a small portion of the debt and received cash for the balance. The total of the debts forgiven was $15,411.89. Upon audit of the petitioner's income-tax return for the fiscal year ended January 31, 1928, the respondent added to gross income the total amount of debts forgiven.

It has heretofore been held that forgiveness of an indebtedness does not result in taxable income. *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Simmons Gin Co.*, 16 B. T. A. 793; affd., 43 Fed. (2d) 327; *John F. Campbell Co.*, 15 B. T. A. 458; affd., 50 Fed. (2d) 487. Cf. *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170. In this proceeding and in the decisions cited above, the forgiven debtor was insolvent. The debt was forgiven so that the business might be rehabilitated and continued as a going concern. The parties contemplated no profit from the transactions, which merely relieved the taxpayer from a portion of its liabilities. In *United States* v. *Kirby Lumber*

*Co.*, 284 U. S. 1, the Supreme Court held that the taxpayer realized a profit by purchasing its bonds on the market for less than the price at which they must ultimately be redeemed. In our opinion that decision is not controlling in the instant proceeding. No part of the forgiven debts should be included in the petitioner's gross income.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MARQUETTE and STERNHAGEN dissent.