TOWERS AND SULLIVAN MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40508.   Promulgated March 21, 1932.

D. J. Gantt, Esq., for the petitioner.
T. M. Mather, Esq., and L. W. Creason, Esq., for the respondent.

MATTHEWS: This Board has held in a number of cases, beginning with that of *Meyer Jewelry Co.*, 3 B. T. A. 1319, that the cancellation of an indebtedness does not constitute income to the debtor. See *John F. Campbell Co.*, 15 B. T. A. 458; affd., *Burnet* v. *Campbell Co.*, 50 Fed. (2d) 487; *Eastside Manufacturing Co.*, 18 B. T. A. 461; *Progress Paper Co.*, 20 B. T. A. 234; *E. B. Higley & Co.*, 25 B. T. A. 127; and *Commissioner* v. *Simmons Gin Co.*, 43 Fed. (2d) 327.

In the case of *John F. Campbell Co.*, *supra*, a corporation engaged in the sugar and rice brokerage business was indebted to its creditors in a large amount. In 1921 these creditors agreed to accept 75 per cent of their claims in cash and accounts receivable, and to forgive the remaining 25 per cent. We held that the amount forgiven did not constitute income and the Court of Appeals of the District of Columbia, in affirming our holding, said:

> We agree with the Board's decision. It is plain that early in 1921 the taxpayer was in financial distress, and was probably insolvent, and that its creditors canceled part of their claims against it in order to secure payment of the balance of their claims. This relief enabled the taxpayer to continue business and to realize a profit in the years 1922 and 1923. It is public history that the time in question witnessed great disturbance in such business as the taxpayer was then engaged in.

> This forbearance did not produce taxable income to the taxpayer. "Income" within the purview of the revenue acts has been defined to be "gain derived from capital, from labor, or from both combined," and includes "profit gained through a sale or conversion of capital assets." *Stratton's Independence* v. *Howbert*, 231 U. S. 399, 415; *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179, 185; *Eisner* v. *Macomber*, 252 U. S. 189, 206, 207. "In determining the definition of the word 'income' thus arrived at, this court has consistently refused to enter into the refinements of lexicographers or economists and has approved, in the definition quoted, what it believed to be of the commonly understood meaning of the term which must have been in the minds of the people when they adopted the Sixteenth Amendment to the Constitution." *Merchants' L. & T. Co.* v. *Smietanka*, 255 U. S. 519. We do not believe that the term "income" as commonly understood applies to the partial cancellation by a creditor of a debt due to him from a disabled debtor, in order that such debtor may thereby be enabled to pay the balance of the debt. "The fact that after the transaction the plaintiff's balance sheet had improved was not sufficient to constitute 'a gain derived from capital.' If anything it was a gain accruing to capital, and, as such, under the *Eisner* and *Phellis* cases, was not taxable income." *Kerbaugh-Empire Co.* v. *Bowers*, 300 Fed. 938; Aff'd 271 U. S. 170.

In the instant proceeding the petitioner's balance sheet for the fiscal year 1922 shows a deficit of $221,922.98, and the balance sheet for the fiscal year 1923 shows a surplus of $56,872.13. The goods and merchandise for which the indebtedness herein was incurred had declined in value, as shown by the write-off of inventory, and the

petitioner was unable to pay its debts. In such a situation the creditors entered into a composition agreement to take 75 per cent in cash and stock and to forgive the remainder. We think that these facts bring the case within the holding in *John F. Campbell Co., supra.* The petitioner did not realize any taxable income in the fiscal year 1923. Even excluding the amount forgiven from gross income, the petitioner had a net loss for this year of $27,247.77. In such a situation we do not see how the amount forgiven can constitute income, but there is "a mere diminution of a loss." See *Simmons Gin Co., supra,* and *Bowers* v. *Kerbaugh-Empire Co.,* 271 U. S. 170. As a result of this action on the part of its creditors, the petitioner was enabled to continue in business and to make a profit during the next few years, but, as the court said in the *Campbell Co.* case, this was not sufficient to constitute "gain derived from capital."

We are, therefore, of the opinion that the amount of $79,304.72, which was 25 per cent of the entire amount of the indebtedness, does not constitute income to the petitioner and should not be included in its gross income for the fiscal year 1923.

The amount of $24,348.94, accrued interest, consisted of $20,904.96 which had accrued and was deducted in the fiscal year 1923, and the amount of $3,443.98 which had accrued in a prior year. Inasmuch as the composition with the creditors was made during the fiscal year 1923, this had the effect of canceling the petitioner's liability for interest due and therefore it should not have deducted any accrued interest for that year. It therefore follows that the respondent did not err in including the amount of $20,904.96 in gross income for the fiscal year 1923. The amount of $3,443.98, which had accrued in a prior year, is in the same category with the principal amount of $79,304.72, and does not constitute income to the petitioner in the fiscal year 1923 and should not be included in its gross income for that year.

*Judgment will be entered under Rule 50.*