LAKELAND GROCERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83392. Promulgated July 13, 1937.

*Robert Ash, Esq.*, for the petitioner.
*C. A. Gwinn, Esq.*, for the respondent.

OPINION.

HARRON: The respondent made several adjustments of the taxpayer's income for the taxable year 1933, but the only one in issue is his addition to the petitioner's income of $89,237.55 as "Profit arising from composition settlement." This amount was determined by subtracting the total payment to creditors made in consideration of the composition, $15,472.61, from the total of debts which were canceled, $104,710.16. The petitioner claims that no "income" whatever was realized from the cancellation of indebtedness and the respondent, while contending that "income" was realized, concedes on brief that the "income" should be limited to the total of the petitioner's net assets immediately following the composition, namely, $39,596.93, which were made available to the petitioner free from the claims of creditors as a result of the composition.

Both parties are agreed on the fact that prior to the composition settlement petitioner was insolvent, having an excess of liabilities over assets. The parties are also agreed that immediately after the composition the petitioner had net assets of $39,596.93 which were freed from the claims of creditors as a result of the composition settlement.

The statute so far as applicable here merely provides that " 'Gross income' includes gains, profits and income derived from * * * trades, businesses, commerce or sales, or dealings in property, or use of or interest in such property; also from * * * the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." (Sec. 22 (a), Revenue Act of 1932.) The question here is whether the cancellation of indebtedness under the circumstances of this case resulted in "gains", "profits", or "income" within the meaning of the statute.

The cases which the petitioner claims are controlling on the facts are: *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Burnet v. Campbell Co.*, 50 Fed. (2d) 487; *Dallas Transfer & Terminal Co. v. Commissioner*, 70 Fed. (2d) 95; and *Porte F. Quinn*, 31 B. T. A. 142. As we read these cases none of them appear to involve the facts we have before us. Although the reports in some of them are not clear as to the facts involved, it seems to us a fair conclusion that in all of them the petitioner was assumed to be insolvent before the forgiveness of indebtedness and to have remained in a state of insolvency or at least with no excess of assets over liabilities after the cancellation of indebtedness. On such facts it was properly held that no gain was realized, and a long line of cases reaches this result. *Simmons. Gin Co.*, 16 B. T. A. 793; affd., 43 Fed. (2d) 327; *Eastside Manufacturing Co.*, 18 B. T. A. 461; *Progress Paper Co.*, 20 B. T. A. 234; *E. B. Higley & Co.*, 25 B. T. A. 127; *Towers & Sullivan Manufacturing Co.*, 25 B. T. A. 922. However, in the case at bar the distinguishing factor is that although the petitioner was insolvent immediately before the composition it emerged from that settlement with free assets of $39,596.93.

The respondent rightly, it seems to us, perceives this to be a case of first impression on the particular facts present. He points out that the line of cases cited are applicable where the debtor is insolvent both before and after the cancellation of debts. He cites the other line of cases holding that gain is realized from forgiveness of indebtedness where the debtor is solvent both before and after the cancellation of indebtedness. *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393; *Knowles D. White*, 34 B. T. A. 424; affd., sub nom *Walker v. Commissioner*, 88 Fed. (2d) 170, and he points out that this is an intermediate case where the debtor was insolvent before the cancel-

lation but solvent immediately after it with an excess of assets over liabilities of $39,596.93. In this situation he contends that the rationale of *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, should apply and that gain is realized to the extent of the value of the assets freed from the claims of creditors by the composition in the amount of $39,596.93. This we believe is the correct result. The petitioner's net assets were increased from zero to $39,596.93 as a result of the cancellation of indebtedness by its creditors, and to that extent it had assets which ceased to be offset by any liability. The decisions that the increase in clear assets so brought about constitutes taxable "gain" or "income" (*United States* v. *Kirby Lumber Co.*, *supra*, and *Helvering* v. *American Chicle Co.*, 291 U. S. 426) are applicable to the facts of the instant case, as the cancellation of the petitioner's debts had the effect of making its assets greater than they were before that transaction occurred. It is true that "gain" or "profit" is essential to the existence of taxable "income" (cf. *Dallas Transfer & Terminal Warehouse Co.*, *supra*), and we believe that "gain", as commonly understood, was realized here when the petitioner, who was hopelessly insolvent, received by the action of its creditors an increment to its assets clear and free of any claims of the creditors.

We are not certain under the facts in the case of *Dallas Transfer & Terminal Co.* v. *Commissioner*, 70 Fed. (2d) 95, reversing 27 B. T. A. 651, whether the taxpayer had assets in excess of liabilities after the forgiveness of indebtedness involved there. It appears that this proceeding is distinguishable from the *Dallas Transfer & Terminal* case. The facts of the *Dallas* case show that the taxpayer conveyed its chief asset, a piece of realty, and for this conveyance the taxpayer's indebtedness was discharged. The Circuit Court stated, in reversing the Board, *supra*, and in distinguishing the *Kirby Lumber Co.* case, that in the *Kirby* case the taxpayer had greater "clear" or net assets than it had before the discharge of its obligations, whereas in the *Dallas* case, having thus parted with assets, it did not. In this proceeding the petitioner's financial statement shows that it obtained assets clear of liabilities after the composition of creditors. From the balance sheet and testimony respecting the nature of petitioner's business, we conclude that the assets freed to the petitioner by the composition of creditors had an exchange value. Under such facts and as stated above, we believe that this petitioner realized taxable gain and that the rationale of the *Kirby Lumber Co.* case, *supra*, applies.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN, concurring: Both *Meyer Jewelry Co.*, 3 B. T. A. 1319, and *Burnet* v. *Campbell Co.*, 50 Fed. (2d) 487, were decided before *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, and in my opinion are incompatible with that decision and were overruled by it. *Dallas Transfer & Terminal Co.* v. *Commissioner*, 70 Fed. (2d) 95, while different from the present case in its facts, contains reasoning with which I can not agree, and I do not, therefore, think its effect should be spread to cases where (short of a proceeding in bankruptcy) the debtor is saved from insolvency by the forgiveness of a debt or enabled thereby to carry on his business and recover his solvency. In such cases his gain may be just as real and substantial as where the forgiveness or composition occurs before insolvency.

MURDOCK agrees with the above.

———— 

MORRIS, dissenting: I disagree with the majority in holding that the petitioner realized taxable income of $39,596.93 as a result of the composition settlement. I am unable to distinguish the facts in this proceeding from those in *Dallas Transfer & Terminal Co.* v. *Commissioner*, 70 Fed. (2d) 95, reversing 27 B. T. A. 651. The Board, in its opinion in that case, at page 657, pointed out that the taxpayer was solvent after the cancellation; therefore, in both cases the taxpayers were insolvent prior to the forgiveness and solvent thereafter. Under such circumstances the taxpayer does not always realize taxable income, a conclusion which, necessarily, follows from the majority opinion, but the facts of each case must be analyzed to ascertain whether there has been a gain or a profit. In the *Dallas* case the Board held, treating the transaction as a partial forgiveness of indebtedness, although deciding the case primarily on another theory, that taxable income was realized to the extent of the amount forgiven as assets were left cleared of debts to that extent. The reasoning of the court in reversing the Board and the distinction made by it between that case and *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, are equally applicable to the facts in this proceeding and make it unnecessary to extend this opinion. Based thereon, it is my opinion that the taxpayer did not realize any income as a result of the composition settlement. See also *Commissioner* v. *Rail Joint Co.*, 61 Fed. (2d) 751; *Burnet* v. *Campbell Co.*, 50 Fed. (2d) 487.

SMITH, VAN FOSSAN, and DISNEY agree with this dissent.