## CLARK THREAD CO. v. COMMISSIONER OF INTERNAL REVENUE (two cases).

## J. & P. COATS (R. I.), Inc., v. SAME.

### Nos. 6245–6247.

Circuit Court of Appeals, Third Circuit.
July 14, 1938.

Rehearing Denied Jan. 13, 1939.

Albert L. Hopkins, Jay C. Halls, and Peter L. Wentz, all of Chicago, Ill. (Cornelius W. Wickersham and Clarence Castimore, both of New York City, of counsel), for petitioners.

James W. Morris, Asst. Atty. Gen., and Morton K. Rothchild and Sewall Key, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

WATSON, District Judge.

These are three petitions for review of decisions of the Board of Tax Appeals on petitions of the Appellants for redetermination of deficiencies in income taxes found by the Respondent for the taxable fiscal year ended June 30, 1923 and the taxable calendar year of 1927. The petitions were consolidated for hearing and decision.

The questions raised are: (1) Whether The Clark Thread Company is entitled to deductions from gross income for the taxable years on account of amortization of a certain contract executed in 1897 by it and George A. Clark & Brother, Inc., covering a period of forty five years, the latter corporation having been dissolved in 1917 and the Petitioner thereafter in the same year having taken over the assets and assumed the liabilities of George A. Clark & Brother, Inc.; (2) whether The Clark Thread Company is entitled to deduct from gross income for the taxable year 1927, as an ordinary and necessary business expense, the sum of $525,000 paid in that year by it to a competitor, the Blodgett & Orswell Company, as consideration for the discontinuance of the competitor's use of the trade name "Clark"; and (3) whether the Board correctly approved the Commissioner's determination of the amount of gain derived by the J. & P. Coats (R.I.), Inc., from the sale in 1923 of certain real property and abandoned and scrapped machinery?

### I. Amortization of Contract

The transaction in 1917, by which the George A. Clark & Brother, Inc., was dissolved, its assets and liabilities transferred to The Clark Thread Company and the forty five year contract (1896 to 1941), which still had about twenty five years to run, extinguished, amounted to the discontinuance of two things so far as The Clark Thread Company was concerned: (1) Its right to receive yearly the entire cost of its output, plus a fixed profit of $225,000, and (2) its duty to supply its entire output to the George A. Clark & Brother, Inc., at cost plus $225,000. During the approximately twenty year period the contract was in existence prior to 1917, the contract proved to be a bad one so far as The Clark Thread Company was concerned. While it was receiving a fixed profit of $225,000 per year, George A. Clark & Brother, Inc., over a period of fifteen years, derived a net profit in excess of $2,000,000 per year on account of this contract. Thus, in 1917, it was highly desirable to The Clark Thread Company to extinguish its obligations under the contract and market its product itself. Extinguishment of the contract was accomplished as an incident to the dissolution of George A. Clark & Brother, Inc., and the acquisition

by The Clark Thread Company of all of the former company's assets and liabilities. The contract, although a very valuable intangible asset of George A. Clark & Brother, Inc., was never carried on the books of the company as such. At the beginning of 1917, the assets of George A. Clark & Brother, Inc., according to its books were $2,738,879.75 and its liabilities $2,509,779.85, plus a loan account with Clark & Company, Ltd., of $9,182,689.29. This loan account was closed out July 1, 1917 by a transfer by George A. Clark & Brother, Inc., to Clark & Company, Ltd., of the capital stock of The Clark Thread Company, which had been owned by George A. Clark & Brother, Inc., but held by Clark & Company, Ltd., as collateral security for the loan. Thus, when The Clark Thread Company assumed the George A. Clark & Brother, Inc., assets and liabilities in November, 1917 for the stated consideration of $1, it was making a good bargain, aside from the fact that its undesirable contract was also extinguished.

We cannot escape the conclusion that the contract simply faded out of the picture. The companies being interrelated, the contract was looked upon as one of the ties binding the two companies together. When the one company dissolved, the contract dissolved with it. The record does not show that any price was paid for the contract, and it is quite clear that none was paid.

Furthermore, to speak of a corporation purchasing a contract with itself and then carrying it on its books as an asset is to do violence to reason. An individual cannot contract with himself alone, and neither can a corporation acting for itself. Properly understood, the transaction simply extinguished the contract, wiping out the rights and duties growing out of it. If a price had been paid for extinguishment of the contract, the price might properly be looked upon as a capital outlay for the purpose of eliminating a hard bargain. Although there was no capital outlay, The Clark Thread Company was released from a hard bargain. It did not acquire any property but was released from a liability due to the dissolution of the company with which it had contracted. In our opinion, The Clark Thread Company is not entitled to amortization of the contract, and the Board is, therefore, affirmed.

## II. Deduction of $525,000 Paid to Blodgett & Orswell Company

As to the deduction claimed on account of expenditures made in securing an agreement from Blodgett & Orswell Company to discontinue the use of the name "Clark", the decision of this question is controlled by the decision of this court in Newspaper Printing Co. v. Commissioner of Internal Revenue, 3 Cir., 56 F.2d 125. The expenditure was made to eliminate competition for many years to come, and cannot be considered as a business expense in the same class as wages, salaries, costs of materials, etc. As in the Newspaper Printing Co. Case, it should be considered as an expenditure of capital in the acquisition of a capital asset, the asset acquired being the right to use the name "Clark" exclusive of the Blodgett & Orswell Co. The benefits derived from this right cannot be confined to the year in which is was acquired and, therefore, the cost of acquiring it cannot be charged against income earned in that year. Provision is made in the income tax law for the charging off of such assets over a period of years where their duration is limited. The board was of the opinion that the benefits in this case were of indefinite duration and made no allowance for exhaustion. The conclusion of the Board was proper, and its decision in that regard is sustained.

## III. Profit from Sale of Assets

J. & P. Coats (R.I.), Inc., sold during the fiscal year ending June 30, 1923 certain real property and abandoned and scrapped machinery. The Petitioner credited its surplus account with the sum of $81,520.55, and reported in its tax return for that fiscal year a profit on the sale of all of those assets the total amount of $39,911.03. The Commissioner increased that amount by $10,522.36, with the explanation that the Petitioner did not take into consideration depreciation for the taxable year. The Commissioner determined the profit realized from the sale of those assets to be $43,433.39. The Board approved the determination of the Commissioner for lack of evidence to show error.

The action of the Board in reaching its conclusion was not capricious or arbitrary but was based upon sufficient evidence. The conclusion of the Board is therefore affirmed.