**J. K. HUGHES OIL CO. v. BASS, Collector of Internal Revenue.**

**No. 6705.**

Circuit Court of Appeals, Fifth Circuit.
Dec. 13, 1932.

Harry C. Weeks, of Wichita Falls, Tex., for appellant.

Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and John D. Hartman, U. S. Atty., of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the owner of oil-producing properties. In its fiscal year ending June 30, 1922, it made "turnkey" contracts at a fixed price of $22,500 each, with a drilling contractor, for the drilling of thirteen oil wells. These contracts obligated the contractor "to furnish all derricks, all necessary drilling equipment, machinery, casing, cement and labor, in fact, everything necessary to complete said well in a first-class workmanlike manner, including fuel and water, the owner not being obligated to furnish anything whatever in the way of labor, fuel, drilling supplies, or anything necessary for the completion of the well"; to drill the wells to a depth of 3,200 feet; and to complete them to the top of the ground. The total price paid for all the wells was $281,-950.19. The cost to the contractor of the derrick, pipe, casing, and liners erected and set in the wells is stipulated to have been $69,-241.70. The taxpayer determined that these physical properties were of the reasonable and actual value of $58,000, and entered that sum upon its books as an investment. $223,-450.19, the difference between that amount and the total spent for the wells, the taxpayer deducted as an expense.

In all other operations in the year and in subsequent years the taxpayer in the same way capitalized as an investment and deducted as expense the same items making up the cost of wells, whether they were drilled and completed by a drilling-contractor on a footage basis, or for a flat sum, that is, on a turnkey contract, as were the thirteen producing wells in question, or by the taxpayer using its own machinery and employees.

The Commissioner in computing the taxpayers' liability refused to allow the deduction. He treated the entire sums paid for the wells as capital expenditures, and made provision for their return to the taxpayer by allowing depletion deductions on the entire amount, for the fiscal year 1922 of $3?,-575.05; for the fiscal year 1923 of $61,472.-43; for the fiscal year 1924 of $44,996.20.

In the court below the taxpayer contended that the regulations, rules, and practices of the Commissioner require the allowance of the deduction claimed by him. The collector insisted there were no such rules, regulations, and practices, and that the Commissioner was right in treating the whole cost as capital investment. The trial judge, agreeing with him, found for the defendant. Appealing from that order, appellant thus states the question for review.

"The question presented by this appeal, from appellant's standpoint, is whether or not the Commissioner of Internal Revenue can refuse to allow the plaintiff to deduct as an expense in computing its taxable income,"

intangible drilling and development cost incurred by it in developing an oil or gas lease owned by it, and force the plaintiff to recover these costs through annual depletion and depreciation deduction, solely because these costs were incurred under "turnkey" drilling contracts, when the right to take the deduction would, under settled rules and decisions of the Treasury Department, have been allowed had the wells been drilled either with the plaintiff's own labor and machinery, or under the ordinary footage contracts."

Appellee, urging that the case was correctly decided below, insists that if he is wrong in this, and appellant is to prevail, the amount of the expenses claimed must be reduced by the amounts allowed to and accepted by appellant as depletion allowances for 1921, 1922, and 1923.

Whether these amounts could be offset in a case of this kind, and also what effect appellant's acceptance of them would have to estop it from now questioning the Commissioner's disposition of the matter in controversy (Ramsey v. Commissioner, 26 B. T. A. 281), we do not decide, for we think it quite plain that the case was rightly decided below.

■ Regulations aside, it is quite clear that the Commissioner was well within the statute in treating the cost price of the wells as capital investment.[1] We think it equally clear that his action does not contravene any of the rulings, practices, or regulations of the department relied on by appellant.[2]

It is not claimed by appellant that these regulations in precise terms provide for the deduction which it claims. It is contended

that they do so in principle. It is alleged that there is no reason in or basis for the distinction, for the purposes of capitalization, between moneys which an owner pays out when he drills a well himself, on his own property, with his own labor and equipment, or when a contractor drills it for him on a footage basis and the same amount of moneys representing the same amount of drilling and development costs paid out to a contractor as a part of the whole cost price of a turnkey job.

■ If appellant claims no more than that the distinction is supported by no evident principle, that subjected to analysis moneys laid out in a completed improvement, such as an oil well, are no less and no more capital expenditures when it is furnished by a contractor on a footage basis than when it is done under a turnkey contract, I think we could agree with him. If, however, he means to claim that, because this is so, he is entitled to have his deduction allowed, we cannot. The burden upon him to overcome the prima facies of the action of the Commissioner is not discharged by a showing that the treatment he asks for is no more unreasonable or unjust than one which, under other circumstances, has been actually accorded him by the Commissioner.

But this is not the whole of it. We are not concerned here with the question of whether the regulation invoked by analogy is reasonable or unreasonable. Sterling Oil & Gas Co. v. Lucas (D. C.) 51 F.(2d) 413; Old Farmers' Oil Co. v. Commissioner, 12 B. T. A. 203; Ramsey v. Commissioner, 26 B. T. A. 277. We have here only the question whether appellant has sustained the

[1] Section 234 (a), Revenue Act 1921 (42 Stat. 227): "In computing the net income of a corporation * * * there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

"(9) In the case of mines, oil and gas wells, other natural deposits and timber, a reasonable allowance for depletion and for depreciation of improvements according to the peculiar conditions in each case, based upon cost, including cost of development, not otherwise deducted. * * *

"Such reasonable allowance in all the above cases to be made under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary. * * *"

Section 215 (a): "That in computing net income no deduction shall in any case be allowed in respect of * * * [or] any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate."

[2] Regulation 62, art. 223: Charges to capital and to expense in the case of oil and gas wells.

Such incidental expenses as are paid for wages, fuel, repairs, hauling, etc., in connection with the exploration of the property, drilling of wells, building of pipe lines, and development of property, may at the option of the taxpayer be deducted as oper-

ating expense or charged to the capital account returnable through depletion.

Treasury Decision 4333, April 11, 1932, provides:

Regulation 62 * * * are hereby restated, so as to incorporate therein certain details of administrative application and practice of long standing. No change in administrative policy, or in the practice under the regulation is made or intended to be made by this re-statement; nor is any new option or election as to the treatment of expenditures involved granted or intended to be granted. * * *

Charges to capital and to expense in the case of oil and gas wells—(a) Items chargeable to capital or to expense at tax payer's option. (1) Option with respect to intangible drilling and development costs in general: All expenditures for wages, fuel, repairs, hauling, supplies, etc., incident to and necessary for the drilling of wells and the preparation of wells for the production of oil or gas, may, at the option of the taxpayer, be deducted from gross income as an expense or charged to capital account. Such expenditures have for convenience been termed intangible drilling and development costs. * * *

Drilling and development costs shall not be excepted from the option merely because they are incurred under a contract providing for the drilling of a well to an agreed depth, at an agreed price per foot, or other unit of measure.

burden of showing that the action of the Commissioner is unreasonable and invalid.

We find no statute, no regulation prohibiting it; no statute, no regulation enjoining upon the Commissioner a contrary course. We find no principle, no practice, no authority opposed to it. On the contrary, we find that the ruling he made "that a producing oil well is a physical property having a useful life beyond the taxable year, and that its acquisition for a price increases the invested capital of the purchaser to the extent of that price" is supported, not only by the presumption of validity which ordinarily attends the ruling of the Commissioner, but that it is reasonable on its face, and is in accord with practice, principle, and authority. Old Farmers' Oil Co. v. Commissioner, 12 B. T. A. 203; Sunburst Oil & Ref. Co. v. Commissioner, 23 B. T. A. 829; Christy v. Commissioner, 23 B. T. A. 300; Commissioner v. Liberty Nat. Co. (C. C. A.) 58 F.(2d) 57; Dakota-Montana Oil Co. v. U. S. (Ct. Cl.) 59 F.(2d) 853; Great Northern R. Co. v. Commissioner (C. C. A.) 40 F.(2d) 372; Blockton Cahaba Coal Co. v. U. S. (C. C. A.) 24 F.(2d) 180.

The judgment is affirmed.