## COMMISSIONER OF INTERNAL REVENUE v. EDWARDS DRILLING CO.
### No. 8600.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1938.

S. Dee Hanson, Norman D. Keller, and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Walter E. Barton, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Respondent, an oil well drilling company, in the year 1931, drilled for others 120 wells in the East Texas field. Each of these wells was drilled under a contract, providing for payment out of oil produced from it, of the agreed price for drilling it. As to each of the wells drilled except 3, 2 contracted October 6, at $20,500 each, and 1 October 8, 1931, at $50,000, the contract price was paid out of oil produced from it within the year. From these 3, though completed in 1931, the taxpayer received only $1,821.55 within the year. It therefore returned only that amount as income, though it deducted as ordinary and necessary business expenses, the amount of $36,113.11 as the cost of drilling the well.

The Commissioner accepted the deduction as correct, but finding that the taxpayer was on an accrual basis, that the completion of the wells had with sufficient certainty accrued the payments for them, and that they had a present worth of $40,821.91, determined a deficiency accordingly. The Board, on appeal to it, concurred with the Commissioner that the taxpayer was on an accrual basis, but not with his determination that the present worth of the oil payments had accrued as taxable income within the year. In a carefully considered opinion, 35 B.T.A. 341, finding this determination without support in the evidence, it found that the future payments, though having a present speculative worth of $29,750, were dependent upon so many contingencies which might never happen, affected with so many uncertainties, as that to require the taxpayer to pay a tax on their value as income received within the year, would be to treat as income what might never be received. It redetermined the deficiency accordingly.

The Commissioner, assailing this finding and redetermination, insists that it is not only unsupported by the evidence, but is in the face of these undisputed facts; the proven character of the field as of large productive capacity; that all of the other wells but these, drilled in that year by the taxpayer, had paid out within the year; that in the next year the taxpayer received, by payments upon, and by sale of, his interest in the $50,000 contract, $11,611.45, and within four years was paid in full out

of the production from the other two wells the $41,000 contracted for.

The taxpayer, urging that the Board's findings have not been challenged by any assignment of error requiring an examination of the evidence, that the question presented by the petition for review must be determined on these findings alone, and that they are definite, specific, and precise, and fully support the Board's conclusion, moved to strike the statement of the evidence as improperly brought up.

It urges further that, if the statement of the evidence is to be considered, it will be found not only not contradictory of, but not even consistent with, the Board's findings.

■ We disagree with the taxpayer that the assignment of error on which the Commissioner relies is insufficient to bring in review here the evidence on which the Board acted. We think it squarely challenges the judgment and findings as unsupported by competent and substantial evidence. Dayton Co. v. McMahon, 8 Cir., 82 F.2d 942; Tracy v. Commissioner, 6 Cir., 53 F.2d 575; Dayton Co. v. Commissioner, 8 Cir., 90 F.2d 767. The motion to strike the statement is overruled.

■ We agree with the taxpayer, however, that the findings of the Board, as they appear fully set out in its opinion and report, are not without substantial support in the evidence. Because the Board's opinion has set these facts out fully, we will not set them out here, other than to say that the greatly disturbed and uncertain conditions in the field shown by the evidence, and found by it when the 3 wells in question were drilled, arising out of the strict limitations on production imposed by the Commission upon the law abiding, and the wastage and drainage caused by the tremendous overproduction of the lawless, rendered greatly uncertain what was, in the earlier part of the year, fairly certain, that wells drilled in the field on contracts would pay out. The hazards and uncertainties attending the recovery by the taxpayer of the oil payments promised it are adequately shown, we think, by the fact that it was able to obtain a $50,000 contract for the drilling of a well which cost it only $13,000, and a $20,000 contract for the drilling of each of 2 wells which cost it $10,000 each to complete, the fact that though it had a $36,000 net interest in the $50,000 contract, it sold it for $9,000 cash, and the further fact found by the Board, that the present worth of the $91,000 oil payment contracts, after the wells were completed, was only $29,750.

■ It is of course true, as the Board points out, that under the accrual method of accounting employed by petitioner, items must be accrued as income when the events occur to fix the amounts due and determine liability to pay. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347. Generally speaking, however, the income tax law is concerned, and its administration should deal only, with, realized losses, and realized gains. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L. Ed. 538, 67 A.L.R. 1010. The taxpayer therefore, is under no obligation to pay a tax on income he might never receive. North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197. A strained construction in administrative efforts to accrue income should be avoided.

Of the many cases supporting this view, Com'r v. Cleveland Trinidad Paving Co., 6 Cir., 62 F.2d 85; McPherson v. Helvering, 62 App.D.C. 325, 67 F.2d 749; Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143; Woods v. Lewellyn, 3 Cir., 252 F. 106, may be cited.

The order of the Board is affirmed.