### DEARING et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8880.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1939.

Walter M. Van Nort, of Dallas, Tex., for petitioners.

A. F. Prescott and Sewall Key, Sp. Assts. to the Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer, Willis R. Dearing, during the tax year 1932 was a partner in the firm of R. H. Dearing & Company, which was doing a large business in drilling oil wells and receiving pay for its services partly in cash and partly in a right to payment of a fixed sum out of the oil and gas produced, saved and marketed from the several wells successfully brought in. The present contest relates to the proper treatment for income tax purposes of the receipts in or from these socalled "oil payments." The partnership returned only the money received, having always made its returns on a cash receipts basis, and claimed that as to each successful well it should apply the receipts in money from the oil payments first to extinguish the cost of drilling the particular well and treat the excess only as a taxable gain. The Commissioner as to each partner held that the right to receive in the future the agreed oil payments was, when the well turned out a producer, a property having present market value, and therefore was a taxable gain in the year the well was completed, and fixed that gain at 75% of the total to be paid out of the well; and he held also that when the payments from the oil contract in after years exceeded the 75% thus taxed the excess was an additional taxable gain. He allowed no deduction for depletion. The Board of Tax Appeals held that although such an oil payment contract might be salable, there was too much uncertainty and contingency about it to make it a property having a readily ascertainable market value, following Edwards Drilling Co. v. Commissioner, 35 B.T.A. 341, af-

firmed 5 Cir., 95 F.2d 719, and that in consequence it should not be taxed as a gain until sold or until money should be received under it from the oil sales. This ruling is acquiesced in by the Commissioner. The Board further held that the expenditures in drilling, if not deducted in the returns as expenses of doing business as was held might be done in the case of Vinton Petroleum Co. v. Commissioner, 5 Cir., 71 F.2d 420, stood as the investment of the partnership in the oil payments contracts obtained by the drilling; that these contracts conveyed to the partnership an economic interest in the oil in place which was depleted by the production of the oil, so that the money receipts derived from the production of the oil carried a depletion allowance of 27½% as provided by Section 114(b) (3), Revenue Act of 1932, 26 U.S.C.A. § 114(b) (3); but that there is no right to recover the drilling expenses otherwise. These rulings the taxpayer contests.

We think the Board is right. There is no claim here to deduct anything as necessary expense of business in the year the expenditure was made. As to the oil payments contracts here involved, the drilling expenditures were paid out in previous years. Such as were not then deducted as necessary expense of business or repaid by cash payment on the contract were, according to the case of Vinton Petroleum Co. v. Commissioner, 5 Cir., 71 F.2d 420, capitalized as an investment in the future oil payments. These oil payment contracts as above stated were for so much money to be paid only out of a fraction of the oil or gas produced, saved and marketed. The landowner who let the contract for the drilling undertook no personal liability for the payment of the money, but did expressly assign and set over to the driller the oil and gas in the ground in the proportion agreed on. This can be effectually done in Texas, and vests not only an economic interest in the oil in place, but a title in the driller. The partnership thereby acquired a property which was salable, and we have no doubt that should it sell that property it could deduct the cost of it in ascertaining gain, as the taxpayer wishes to do. But the production of oil under the contract is not a sale of the partnership's interest in the oil in place, but is an enjoyment of that interest. Its interest in the oil reserve, like the landowner's, is not thereby sold, but only depleted. Neither of them can deduct cost in dealing with the income so received, but each may reduce his income 27½% on account of the depletion of his capital investment. See Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324; Vinton Petroleum Co. v. Commissioner, 5 Cir., 71 F.2d 420; Commissioner v. Fleming, 5 Cir., 82 F.2d 324.

Affirmed.