## WALSH et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10527.

Circuit Court of Appeals, Fifth Circuit.

May 17, 1943.

Rehearing Denied July 14, 1943.

Harry C. Weeks, of Fort Worth, Tex., for petitioners.

Helen R. Carloss, Sewall Key, and L. W. Post, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The parties are different, but the issue here involved is identical with that presented and decided as to the Richter "B" Lease transaction in the recent case of Hardesty v. Commissioner, 5 Cir., 127 F. 2d 843. The wells were drilled as consideration for the transfer of an interest in the lease, and the intangible drilling and development costs constitute a capital expenditure and may not be deducted as ordinary and necessary business expenses. See Commissioner v. Rowan Drilling Co., 5 Cir., 130 F.2d 62; United States v. Sen-

tinel Oil Company, 109 F.2d 854, certiorari denied 310 U.S. 645, 60 S.Ct. 1095, 84 L. Ed. 1412.

On the authority of Hardesty v. Commissioner, supra, the decision of the Board is affirmed.

SIBLEY, Circuit Judge (concurring specially).

I concur in the judgment on the authority of Hardesty v. Commissioner, 5 Cir., 127 F.2d 843. I do not think, however, that there ought to be any difference made in respect of a well drilled by the ordinary lessee to prevent the lapse of his lease and one drilled, as here, because the lessee specially agreed as part consideration for the lease to drill it. In both cases, there is a capital investment in the well. My views are more fully stated in Hassie Hunt v. Commissioner, 5 Cir., 135 F.2d 697 this day decided.