Herbert K. STEVENS and Mrs. Herbert K. L. L. Stevens, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17541.

United States Court of Appeals Sixth Circuit.

Jan. 19, 1968.

William H. Beck, Lexington, Ky., for petitioners.

Issie L. Jenkins, Dept. of Justice, Washington, D. C., for respondent; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Solomon L. Warhaftig, Issie L. Jenkins, Attys., Dept. of Justice, Washington, D. C., on brief.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Taxpayer appeals from a judgment of the Tax Court of the United States denying certain deductions as ordinary and necessary business expenses under § 162 of the Internal Revenue Code of 1954. The question presented by the petition is whether the cost of maintaining and training race horses can be deducted from the gross income of the taxpayer as ordinary and necessary business expenses where the maintenance and training were provided as consideration for a half interest in the horses. The Tax Court held that one-half of the expense of maintenance and training must be capitalized as the taxpayer's cost for obtaining his interest in the horses.[1]

The contract by which the taxpayer obtained his interest in one of the horses provided:

" * * * in lieu of cash, for said one-half interest in the above-described horse, the party of the second part [taxpayer] agrees to feed, break, train, keep shod and pay all veterinary and vanning bills and any or all costs necessary to properly prepare the above named horse for racing and while he is racing."

Contracts concerning the other horses in question contained almost identical provisions, and the remaining provisions of the agreements made it clear that in all other respects the expenses and benefits from racing or breeding the horses were to be equally shared by the parties to the contracts. Both parties performed their obligations under the contracts and eventually sold or otherwise disposed of the horses involved.

During the years in which the agreements were in effect the taxpayer deducted as ordinary and necessary business expenses all of the costs of maintaining and training the horses. After auditing the taxpayer's income tax re-

---

1. The Tax Court's interpretation of the contract between the taxpayer and the purchaser of the horses was that the taxpayer assumed the purchaser's obligation of maintaining and training the horses in return for a half interest in the horses. Therefore, the cost of maintenance and training that would have properly been the taxpayer's as a member of the joint-venture was a business expense rather than a part of the cost basis of his capital investment. Although no records were kept on the cost of maintaining and training any individual horse, a reasonably accurate approximation was made, and the amount was apportioned between the two expenditures. Cf. Cohan v. Commissioner of Internal Revenue, 39 F.2d 540, (2d Cir. 1930). Neither party contested these findings of the Tax Court.

turns, the Commissioner determined that all of the expenses attributable to the maintenance and training of the horses involved in the joint venture should be capitalized. The Tax Court determined, however, that only the expenses that would normally have been borne by the taxpayer's co-joint venturer should be capitalized.[2]

■ Section 162 was primarily intended to cover recurring expenditures where the benefit derived from the payment is realized and exhausted within the taxable year. 4A Merten, Law of Federal Income Taxation § 25.20. The expenses in the instant case were recurring. Since the taxpayer was in the business of racing horses and maintaining and training race horses for others, ordinarily the benefits, such as stabling fees or winnings from races, derived from such expenses would be realized and exhausted in a year. But the contracts in the instant case make it clear that the taxpayer assumed his co-joint venturer's burden of maintaining and training the horses, not for a fee, but for an interest in the horses. That interest would not necessarily be realized and exhausted in a tax year.

■ Situations analogous to the instant case were presented in United States v. Sentinel Oil Co., 109 F.2d 854 (9th Cir. 1940), and Commissioner of Internal Revenue v. Rowan Drilling Co., 130 F.2d 62 (5th Cir. 1942). In those cases oil drilling companies agreed to assume the expense of drilling on certain land in exchange for an interest in the oil rights in the land. Ordinarily, the expenses of drilling would have been deductible business expenses, but the Courts held in both cases that the expenses were non-deductible expenditures for the taxpayer's capital investment in an interest in the land. In disposing of the taxpayer's petition in *Rowan Drilling Co.*, the Court said:

> "In summary, if a taxpayer engaged in the business of drilling oil wells for others for hire drills a well for the profit derivable from its services, drilling expenses incurred thereby are deductible in computing gross profit as a dealer in services for profit. If the drilling services are rendered in consideration of a capital asset, those services constitute the purchase price incident to the investment, and comprise a cost base recoverable by depletion." 130 F.2d at 65.

We agree with this reasoning and consider it equally applicable to the instant situation. Therefore, the judgment of the Tax Court is affirmed.