FRED A. BROWN AND SUE M. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 438-76.
United States Tax Court
T.C. Memo 1978-234; 1978 Tax Ct. Memo LEXIS 278; 37 T.C.M. (CCH) 1003; T.C.M. (RIA) 78234; June 26, 1978, Filed Earl G. Stokes, for the petitioners. Gordon W. Cook, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax Year
Deficiency
[1]Sec. 6653 (a) 1972
$ 2,951.08
$ 147.55
1973
2,494.21
124.71
After concessions, the issues remaining for decision are: (1) Whether the petitioners are entitled to various business deductions *279 and depreciation claimed on their Federal income tax returns for the years 1972 and 1973; (2) whether the amount of $ 12,278.32 claimed by petitioners in 1973 for "maintenance and gear," relating primarily to improvements made to their commercial fishing boat, is deductible as a business expense or should be capitalized; and (3) whether petitioners are liable for the additions to tax for negligence under section 6653(a) for the years 1972 and 1973. FINDINGS OF FACT Some facts have been stipulated and are so found. Fred A. Brown and Sue M. Brown (petitioners) were legal residents of Eureka, California, when they filed their petition in this case. Fred A. Brown (petitioner) is a commercial fisherman who, during the years in issue, operated a fishing boat, the Blufin, out of Eureka, California. He incurred considerable business expenses in 1972 and 1973. Petitioner's books and records were kept by the preparer of his tax returns and, through no fault of his own, were not available when this case was tried. However, some invoices and other documents were received in evidence. Year 1972
The following table reflects the business expenses, depreciation and credits *280 claimed by petitioner as well as those allowed by respondent and those remaining in dispute: Taxable Year 1972
Per
Statutory
Per
Remaining Item
Per Return
Notice
Audit
at Issue
Labor
$ 18,087.86
$ 17,087.86
$ 18,087.86
$ 0.00
Materials and Supplies
446.88
390.88
446.88
0.00
Maint. & Gear
4,312.01
3,900.00
4,312.01
0.00
Provisions, etc.
4,371.59
3,681.59
Provisions
738.12
0.00
Fuel
1,668.00
359.69
Phone
0.00
95.62
Licenses
205.00
0.00
Misc.
231.07
149.00
Cash Pd. for Clothes
25.20
0.00
Room Rent
0.00
900.00
Depreciation
8,993.18
374.00
15.00
8,978.18
Taxes
786.88
365.88
26.68
760.20
Insurance
456.00
456.00
0.00
456.00
Legal
150.00
150.00
150.00
0.00
Hdqtrs. & Supplies
946.91
0.00
344.56
602.35
Travel
358.50
225.50
358.50
0.00
Sub-Total
$ 38,909.81
$ 26,631.71
$ 26,608.88
$ 12,301.04
Math Error on Return
.11
$ 38,909.92
Not Claimed on Return
Market Dues
990.18
(990.18)
TOTAL
$ 38,909.92
$ 26,631.71
$ 27,599.06
$ 11,310.86
Investne Tax Credit
Allowable But Not Claimed
$ 10.00
Petitioner paid $ 1,309.05 in 1972 *281 for diesel fuel for his commercial fishing boat and $ 718.64 for gasoline for his pick-up truck and camper. Of the $ 718.64 spent for gasoline, $ 179.84 was for personal use and is not deductible. The remainder ($ 538.80) is deductible as a business expense. Petitioner incurred and paid telephone expenses for business purposes in the amount of $ 47.81 in 1972. Of the $ 231.07 claimed for miscellaneous expenses, petitioner agrees that $ 173 is attributable to the purchase of an adding machine which should be capitalized over a 5-year period. The remainder ($ 58.07) is not deductible as a business expense. Petitioner furnished room and board in 1972 to his 44 year old retarded stepson, Charles Royston, for performing odd jobs in petitioner's commercial fishing operation.These expenses ( $ 900) were furnished in lieu of labor. The amount is deductible as a business expense. Petitioner is not entitled to any claimed depreciation on his personal residence and furniture in 1972. He is entitled to depreciation of $ 1,000 on a Chevrolet pick-up truck which was bought in 1972 and had a useful life of 5 years. His fishing boat had been fully depreciated prior to 1972. Petitioner *282 failed to substantiate the other claimed depreciation disallowed by respondent. Of the $ 786.88 claimed by petitioners as a deduction for taxes on their 1972 return, the amount of $ 262.68 is deductible as a business expense. The remainder ($ 524.20) was for real estate taxes on their home. The real estate taxes would only be deductible if petitioners itemized their deductions instead of claiming the standard deduction. Petitioner is entitled to a business insurance expense of $ 249 for 1972. Petitioner is entitled to a business deduction of $ 655.73 for "headquarters and supplies" expenses in 1972. Year 1973
The following table reflects the business expenses, depreciation and credits claimed by petitioner as well as those allowed by respondent and those remaining in dispute: Taxable Year 1973
Per
Statutory
Per
Remaining Item
Per Return
Notice
Audit
at Issue
Labor
$ 14,416.95
$ 13,916.95
$ 14,416.95
$ 0.00
Materials & Supply
3,212.81
1,812.81
Provisions
705.00
0.00
Fuel
1,535.33
150.00
Phone
0.00
106.12
Market Dues
0.00
106.12
Math Error on Return
(1.79)
Maint. & Gear
15,614.77
7,895.77
3,336.45
12,278.32
Taxes
532.58
403.58
28.58
504.00
Rent
790.00
0.00 790.00
0.00
Insurance
509.00
509.00
0.00
509.00
Legal
177.00
177.00
177.00
0.00
Travel
483.59
275.59
483.59
0.00
As Claimed
$ 35,734.91
$ 24,990.70
$ 22,187.47
$ 13,547.44
Not Claimed on Return: Hdqtr. & Supply
230.40
(230.40)
Expenses in Lieu of Labor
308.65
(308.65)
Depreciation
212.00
1,098.00
(1,098.00)
Tax Preparer Fee
200.00
(200.00)
Sub-Total
$ 35,734.91
$ 25,202.70
$ 24,024.52
$ 11,710.39
Credit Pet.'s for Amt. in
Excess of Statutory Notice
1,176.39
(1,176.39)
TOTAL
$ 35,734.91
$ 25,202.70
$ 25,200.91
$ 10,534.00
Investment Tax Credit Allowable
But Not Claimed
$ 976.00
*283 Petitioner paid $ 1,088 in 1973 for diesel fuel for his commercial fishing boat, and $ 597.33 for gasoline for his half ton truck and camper. Of the $ 597.33 spent for gasoline, $ 149.33 was for personal use and is not deductible.The remainder ( $ 448) is deductible as a business expense.
Petitioner incurred and paid telephone expenses for business purposes in the amount of $ 53.06 in 1972. Respondent allowed a depreciation deduction of $ 3,336.45 for the year 1973. In 1973 the petitioner had major improvements made on his commercial fishing boat which cost a total of $ 12,278.32.The expenditures were necessary to make the boat seaworthy. The amount of $ 878.27 was paid by petitioner to Ivan J. Westerlund, a ship's carpenter, for woodwork and corking.The amount included labor and materials. The sum of $ 10,203.35 was paid by petitioner to D.A. Dettinger, Eureka, California, for gearmatic motors, hydraulic pumps, filters, bearings, bushings, sprockets, tubing, pipes, plates, adaptors, braces, winches and cables. The materials cost $ 7,923.35 and the labor $ 2,280. Later in 1973 the petitioner paid D.A. Dettinger $ 1,196.70 for drag and hook winches, a pump power takeoff *284 unit, piping, stack work, clutch controls and plates. All of these expenditures prolonged the life and operation of the boat. The $ 12,278.32 of improvements to the commercial fishing boat in 1973 had a useful life of 10 years. Of the $ 532.58 claimed by petitioners as a deduction for taxes on their 1973 return, only $ 28.58 for boat taxes is a deductible business expense. The amount of $ 341.88 was paid for real property taxes on their personal residence, and it would only be deductible if the petitioners had itemized their deductions instead of claiming the standard deduction. The remainder of the claimed expenses for taxes is unsubstantiated. Petitioner claimed insurance costs of $ 509 as a business expense in 1973. The amount of $ 130 covered a homeowners policy on his personal residence and is not deductible.The amount of $ 346 covered automobile insurance on petitioner's truck which was used in his commercial fishing business, and as such constitutes a deductible business expense. The remainder of the claimed insurance costs is unsubstantiated. The following items, which were not claimed by petitioner on his Federal income tax return for 1973, are allowable as business *285 expenses: Item
Amount
Headquarters &
Supply Expenses
$ 230.40
Expenses In Lieu
of Labor
308.65
Tax Preparer Fee
200.00
Petitioner is allowed an additional depreciation deduction of $ 1,098 for 1973. Petitioner is allowed an investment tax credit of $ 10 for 1972 and $ 976 for 1973. A part of the underpayment of tax for the years 1972 and 1973 was due to the negligence of petitioners.
OPINION At the outset we note that petitioners filed a prior motion for summary judgment based on the allegation that the notice of deficiency in this case was arbitrary, unreasonable and capricious. After hearing extensive testimony by several witnesses with respect to the circumstances surrounding the seizure and return of various books and records of petitioners and other taxpayers which were in the possession of their tax preparer, Judge Irwin denied the motion for summary judgment in an order dated August 15, 1977. We have reviewed the record relating to the motion for summary judgment, and we are satisfied that petitioners' allegations, even if true, would not be violative of their rights under the Fourth and Fifth Amendments to the Constitution of the United *286 States. See and compare United States v. Janis,428 U.S. 433 (1976); Suarez v. Commissioner,58 T.C. 792 (1972); Shapiro v. Thompson,394 U.S. 618, 642 (1969). In addition, contrary to petitioners' assertion, we think the record is insufficient to support the conclusion that respondent's actions were so unjustified as to fall within the ambit of Helvering v. Taylor,293 U.S. 507 (1935). This Court generally will not look behind a notice of deficiency to examine the evidence used, the propriety of respondent's motives or the administrative procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974); Human Engineering Institute v. Commissioner,61 T.C. 61, 66 (1973). Petitioners have failed to establish that respondent's determination is arbitrary and capricious, and that the burden of proof should be shifted to respondent. Figueiredo v. Commissioner,54 T.C. 1508, 1513 (1970), affd. by unpublished order (9th Cir. 1973). Therefore, we conclude that the burden of proof in this case rests with the petitioners. *287 See Roberts v. Commissioner,62 T.C. 834, 835-839 (1974). The issues here involve the substantiation of claimed business deductions.We have made our factual determinations based on the documentary evidence and oral testimony. It would serve no useful purpose to explain most of our findings. We are convinced that some of the expenditures were business related and others were personal. We have exercised our best judgment under the circumstances. In some instances we have applied the rule in Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930). Two substantial items, which remain at issue and which require some comment, are the depreciation ($ 8,978.18) for 1972 and the expenditures ($ 12,278.32) for work done on petitioner's commercial fishing boat in 1973. The depreciation deductions claimed on petitioners' 1972 Federal income tax return clearly manifest inadequate and careless tax reporting practices. The depreciation schedule shows virtually all of the assets owned by petitioners, i.e., their personal residence, their entire household furnishings, their pickup trucks and camper, and their commercial fishing boat which was purchased *288 between 1948 and 1951 for about $ 14,000 and was depreciated on the 1972 tax return over a 3-year period. Except for the use of a garage to store the fishing gear and equipment, the home was used for personal purposes. Petitioners have failed to provide us with sufficient information to make an allocation to business use. The same thing applies with respect to the home furnishings. Petitioners have also failed to establish the depreciation deductions for the boat and for the machinery and equipment. However, on this record, we have allowed $ 1,000 in 1972 for the depreciation of the trucks. In 1972 the petitioner spent $ 12,278.32 for the work done on his commercial fishing boat, the Blufin. He deducted all of the amount as incidental repairs in that year. Respondent contends that the amounts of the expenditures must be capitalized because they arrested deterioration and added materially to the value of the boat, and appreciably prolonged its life. Although the issue is not an easy one, we are inclined to agree with respondent.Our findings of fact indicate that the repairs were essentially in the nature of replacements. And the petitioner testified that the $ 12,278.32 *289 was spent for "making the boat seaworthy" and to "make it last longer." Section 162 of the Code is intended primarily, though not necessarily, to cover expenditures of a recurring nature where the benefit derived from the payment is realized and exhausted within the taxable year. Stevens v. Commissioner,388 F. 2d 298 (6th Cir. 1968). Thus, if the expenditure secures an advantage to the taxpayer which has a life of more than one year, then no deduction of such payment is allowable as a business expense. To the extent a deduction is allowable, it must be obtained under the Code provisions which permit deductions for depreciation, amortization and the like. Section 1.162-4, Income Tax Regs., sets forth the following standards for determining whether an expenditure is deductible as a repair expense or must be capitalized: The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense, provided the cost of acquisition or production or the gain or loss basis of the taxpayer's plant, equipment, or other property, as *290 the case may be, is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, shall either be capitalized and depreciated in accordance with section 167 or charged against the depreciation reserve if such an account is kept. Generally, the courts have sought to determine whether the expenditure in question has resulted in ultimate advantage to the taxpayer. If it has, the expenditure has been treated as a permanent improvement, i.e., a capital expenditure; if it has not, it has been characterized as in the nature of current repairs. Cf. Hotel Sulgrave, Inc. v. Commissioner,21 T.C. 619 (1954); Oberman Mfg. Co. v. Commissioner,47 T.C. 471 (1967). For example, the "strapping" of ships was held to be a capital expenditure in Seas Shipping Co. v. Commissioner,371 F. 2d 528 (2d Cir. 1967), affirming T.C. Memo. 1965-240, even though it may not have increased the value of the ships or prolonged their useful lives. The extent and permanence of the work accomplished by the expenditure is important. *291 In this case the renovation of the boat was extensive and its capacity was increased. We are persuaded that the expenditure materially enhanced the value, use, life expectancy, strength and capacity of the boat as compared to its condition prior to the expenditure. Accordingly, we hold that it was a capital expenditure that had a useful life of 10 years. The final issue is whether the petitioners are liable for the additions to tax under section 6653(a) for the years 1972 and 1973. Again they have the burden of proving that the imposition of the negligence penalties is erroneous. Marcello v. Commissioner,43 T.C. 168, 182 (1964), affd. on this issue 380 F. 2d 499 (5th Cir. 1967). They have failed to carry that burden. In our judgment the deficiencies for each of the years was due at least in part to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The pattern of claiming almost every expenditure as business expenses raises a question of what, if any, detailed records were relied on in determining the amounts claimed on the returns. All of the expenses for fuel, telephone, taxes, and *292 insurance were treated as business expenses, when in fact some of them were personal. Another example of negligence is the claimed depreciation of petitioners' personal residence and household furnishings. We think the petitioner or his tax preparer and adviser, Theodore Watkins, knew or should have known that personal items were not deductible as business expenses. Where a taxpayer knowingly deducts personal expenditures as business expenses, he is subject to the section 6653(a) addition to tax. Humphrey v. Commissioner,162 F. 2d 853 (5th Cir. 1947), affg. on this point a Memorandum Opinion of this Court. Furthermore, the petitioner cannot avoid his duty of filing accurate returns; and he is responsible for the failure of his agent. American Properties, Inc. v. Commissioner,28 T.C. 1100, 1116 (1957), affd. per curiam 262 F. 2d 150 (9th Cir. 1958). Accordingly, we sustain respondent's determination on this issue. To reflect the concessions of the parties with respect to some issues and our conclusions on the disputed issues, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩