## BOUDREAU et al. v. COMMISSIONER OF INTERNAL REVENUE (two cases).
### No. 10291.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1943.

Jorda S. Derbes and Jacob H. Morrison, both of New Orleans, La., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., L. W. Post and Sewall Key, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ber-

nard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The petitions are for review of a decision determining deficiencies in income tax for the year 1935 against Robert J. Boudreau and Ruth E. Boudreau, husband and wife, for $767.20, and against Wilmer J. Boudreau and wife, Opal Boudreau, for $692.79. The facts are stated in detail in the reported opinion of the Board of Tax Appeals, 45 B.T.A. 390.

On December 22, 1932, Jim Oil Company, a corporation, sold an oil lease for $150,000, in cash and $450,000 to be paid solely out of one-twelfth of the oil produced and saved from the property. Thereafter, the company received payments on account of the $450,000 due to it, and also transferred a one-tenth interest in its right to receive the balance due. In December, 1934, the stockholders voted to dissolve and liquidate the corporation, and on January 2, 1935, the company actually distributed to its stockholders, in complete liquidation of its only remaining asset, the right to receive nine-tenths of the balance due on uncollected oil payments from the lease. On the date of liquidation the uncollected oil payments amounted to $347,492.18. This asset was distributed pro rata to the holders of the 495 outstanding shares of the corporation. Robert J. Boudreau, who owned 30 shares of stock, received 30/495 of the distribution; Wilmer J. Boudreau, who owned 28 shares, received 28/495 of the distribution. The Boudreaus had paid $50.00 per share for their stock.

Within a short time after liquidation of the corporation, certain stockholders sold their rights for $380.748 for each 1/495 interest. The Boudreaus held their interests. The Commissioner found that each 1/495 interest received by petitioners had a fair market value of $380.748 at the time of the distribution in liquidation. Accordingly he found that they had received a taxable gain of $330.748 on each interest; this being the excess of the fair market value of each 1/495 interest over the cost of each share of stock exchanged. After allowing a depletion deduction, the Commissioner determined a deficiency against taxpayers for the year 1935.

Petitioners contend (1) that the Commissioner failed to prove any market value for the interest received by them in the liquidation distribution; and (2) that "these units by their very nature are exempt from the Income Tax Laws", and that their valuation and taxation contravenes the principles laid down in Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L. Ed. 1143; Edwards Drilling Co. v. Commissioner, 5 Cir., 35 B.T.A. 341, 95 F.2d 719; Dearing v. Commissioner, 5 Cir., 36 B.T.A. 843, 102 F.2d 91; and cases of similar import.

■ Under the express provisions of the applicable statutes, when there is complete liquidation of a corporation, stockholders are accountable for the difference between the cost basis of their stock and the fair market value of the property received in exchange for it. Secs. 111, 112(a), 115(c), Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, pages 691, 692, 703, and Treasury Regulations 86 for 1934. The "fair market value" of property is a question of fact, "and only in rare and extraordinary cases will property be considered to have no fair market value". T. R. 86, 1934, Art. 111-1.

■■ In the case at bar the Commissioner determined that each 1/495 interest received by taxpayers had a fair market value of $380.748. This finding as to value is prima facie correct, and the burden was on the taxpayers to produce evidence sufficient to overcome the presumption. Commissioner v. Swenson, 5 Cir., 56 F.2d 544, 545; Trippett v. Commissioner, 5 Cir., 118 F.2d 764. The record made by petitioners does not show that the fair market value of their interests was lower than that found by the Commissioner. Rather than overturning the presumption of correctness attaching to the Commissioner's determination of value, the record evidence lends support and weight to that finding.

The cases relied upon by petitioners do not preclude taxation of a gain on liquidation of a corporation where, as here, the rights received in exchange for stock are shown to have a fair market value at the time of the distribution.

The decisions of the Board are affirmed.