## FLEMING v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11390.

Circuit Court of Appeals, Fifth Circuit.

Feb. 12, 1946.

362

John J. Finnorn, of New Orleans, La., for petitioner.

Maryhelen Wigle, A. F. Prescott, and Harold C. Wilkenfeld, Sp. Assts. to the Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This petition is for review of a decision of the Tax Court, determining the income tax of petitioner for the year 1940. 4 T. C. 168. The facts were stipulated.

Calvin A. Fleming, with his wife and children, moved to Louisiana from Minnesota in 1910. Shortly thereafter he organized a corporation, acquiring its capital stock with cash that had been earned by him in Minnesota. His wife died in 1932, at which time 87 shares of said stock were held by Fleming and 54 shares, in varying numbers, by their children. In 1937 another corporation was organized to acquire, and it did acquire, the lands owned by the first corporation. The stock of the second corporation was issued, share for share, to the stockholders of the first corporation. Oil was discovered on said lands; thereafter, in 1940, the second corporation was dissolved and its assets were distributed in kind to its shareholders in proportion to their respective holdings.

In his income-tax return filed by petitioner for the year 1940, no gain was reported from the liquidation of the second corporation. The Commissioner determined that the total fair market value of the assets distributed in liquidation was $297,818.74, valuing the notes receivable at

$9,982; the land, exclusive of minerals, at $25,336.74; and minerals (producing oil and gas leases) at $262,500. The respondent determined a deficiency of $30,427.34 plus a penalty of $268.05. No point is made on this appeal as to any of the valuations except the minerals. Petitioner contends that the Commissioner's determination of the fair market value of the oil-and-gas interest, distributed to him, is erroneous because based on assumptions and estimates of the existence and value of property that is fugacious in character and incapable of private ownership until reduced to possession.

The Tax Court held that, in determining the fair market value of the corporate assets so distributed, the value above stated should be attributed to the recoverable oil and gas in or under said lands. It further held that the stock owned by Calvin Fleming was his separate property and that the gain realized thereon by reason of the complete liquidation of the corporation was his gain. The questions presented on this appeal are whether such an interest in oil and gas in land situated in Louisiana has an ascertainable fair market value, and whether ownership of the stock was correctly determined.

Among the assets distributed to shareholders on dissolution of the corporation was, as we have seen, a retained interest in the oil and gas underlying the lands of the corporation. The taxpayer contends that the Tax Court erred as a matter of law in holding that this interest had an ascertainable fair market value which was to be included in computing the amount of the gain upon the exchange of the stock for the corporate assets. It is said that oil and gas in the earth in Louisiana are not subject to ownership distinct from the soil, and that no gain has been realized by the taxpayer because any attempt to evaluate the recoverable oil and gas in place is mere surmise and speculation. The income-tax law, petitioner contends, is concerned only with realized gains and losses, not with unrealized appreciation as in the instant case.

■ ■ At the time of the liquidation of the corporation, there were several producing oil wells on the land, and other wells had been planned or were being drilled. These were elements properly to be considered in arriving at the fair market value of the property. The Commissioner determined the fair market value in the exercise of his judgment upon the evidentiary facts before him. The petitioner has made no showing that the fair market value of the land, including the oil and gas therein, is different from the amounts shown by the Commissioner in his determination. This determination was prima facie correct, and the burden was on the taxpayer to prove that it was erroneous.[1]

■ The gain recognized upon the complete liquidation of a corporation is measured by the difference between the cost basis of the stock and the sum of any money received plus the fair market value of the property received for the stock. The exchange is an income-realizing event, and the fair market value of the distributed assets must be determined.[2] In Boudreau v. Commissioner, 5 Cir., 134 F. 2d 360, this court held that, when there is complete liquidation of a corporation, stockholders are accountable for the difference between the cost basis of their stock and the fair market value of the property received in exchange for it.

■ In Massey v. Commissioner, 5 Cir., 143 F.2d 429, this court held that an interest in an oil and gas lease has a presently-ascertainable fair market value. A fortiori, this is true where, as here, determination of the fair market value of the property is required by the statute itself. Since no evidence was offered to rebut the Commissioner's valuation, the Tax Court committed no error in approving it.

■ The classification of an oil interest for tax purposes is a federal question and is not affected by the fugacious nature of the property under local law. The right to hunt and fish in a designated area may have a pecuniary market value, though title to the property to be taken is in the

[1] Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Commissioner of Internal Revenue v. Swenson, 5 Cir., 56 F.2d 544; Trippett v. Commissioner of Internal Revenue, 5 Cir., 118 F.2d 764; Boudreau v. Commissioner of Internal Revenue, 5 Cir., 134 F.2d 360.

[2] Secs. 111, 112(a), 113(a), 115(c) of Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, §§ 111, 112(a), 113(a), 115(c); Secs. 19.111-1 and 19.112(a)-1 of Treasury Regulation 103.

state until reduced to possession; and certainly no court can say as a matter of law that the right to share in the oil to be gotten from producing wells, and others to be drilled in the same field, has no presently-ascertainable pecuniary value.

As to the second question, i. e., the ownership of the stock, the 87 shares that the taxpayer held in 1940 are directly traceable to the shares that he bought in 1910 with his separate funds. The original shares were, therefore, his separate property; and they remained separate at all times thereafter, since separate property includes that which either party acquired during the marriage with separate funds.[3]

The judgment of the Tax Court is Affirmed.

---

[3] Articles 2334 and 2408 of the Louisiana Civil Code; Beals v. Fontenot, 5 Cir., 111 F.2d 956; Scoffield v. Weiss, 5 Cir., 131 F.2d 631; Marlatt v. Citizens State Bank & Trust Co., 180 La. 387, 156 So. 426. Cf. Howard v. United States, 5 Cir., 125 F.2d 986.