## CITIZENS FIDELITY BANK & TRUST CO. v. REEVES, Commissioner of Revenue.

Court of Appeals of Kentucky.

June 12, 1953.

in the assessment of shares of stock for inheritance tax purposes.

James P. Bogler died November 10, 1949, the holder of 3,000 shares of class "A" common stock and 27,000 shares of class "B" common stock in the Glenmore Distilleries. On the day Mr. Bolger died 300 shares of Glenmore Distilleries common stock were sold on the New York Curb Stock Exchange at a price range between $10.675 and $10.75 per share. The assessment for inheritance tax purposes by the State Tax Commission was based solely on these sales under the so-called "unit" rule and was fixed at $10.675 per share. On appeal to the Franklin Circuit Court the assessment was upheld.

The appellant offered proof before the Commission to the effect that "if the block of stock owned by this estate had been placed on the market on the date of decedent's death the market would not have been broad enough to absorb such a quantity of stock, and consequently, the price would have been depressed." The Commission refused to permit the introduction of such evidence and the correctness of that ruling is the specific question before us on this appeal.

The Commission takes the position that the price at which stock actually is sold in due course of business on a particular day on a licensed stock exchange is the best evidence obtainable and is the only evidence which need be heard on the value of that stock at that particular time, and that the value of a block of stock is the sale price of one share multiplied by the number of shares held.

The term "blockage" has a technical meaning in the field of taxation and may be defined as recognition of the fact that in some instances a large block of stock cannot be marketed and turned into cash as readily as a few shares. The "unit" rule followed in this case is a method of valuing securities by multiplying the total number of shares held by the sale price of one share sold on a licensed stock exchange, ignoring all other facts regarding value.

Section 172 of the Constitution of Kentucky reads in part: "All property, not exempted from taxation by this Constitution,

Steinfeld & Steinfeld and Samuel Steinfeld, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Hal O. Williams, Asst. Atty. Gen., and Roy H. Pennington, Asst. Atty. Gen., for appellee.

COMBS, Justice.

This appeal involves the relative merits of the "blockage" rule and the "unit" rule

shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale * * *." With this section of the Constitution in mind, we now look to the authorities.

The weight of authority is that the size of a block of stock may be a factor to be considered in its valuation for inheritance tax purposes. Helvering v. Maytag, 8 Cir., 125 F.2d 55; Zanuck v. Commissioner, 9 Cir., 149 F.2d 714, 160 A.L.R. 661; Boudreau v. Commissioner, 5 Cir., 134 F.2d 360; Helvering v. Safe Deposit & Trust Co., 4 Cir., 95 F.2d 806; Anno. 24 A.L.R. 1158, 83 A.L.R. 940, 117 A.L.R. 149. The rationale of the rule is stated in Helvering v. Safe Deposit and Trust Co., 95 F.2d 806, 812:

> "It [taxing authority] could not ignore the pregnant fact, having found it to exist, that a large block of stock cannot be marketed and turned into money as readily as a few shares. The opposite condition might possibly have prevailed, for the influence of the ownership of a large number of shares upon corporate control might give them a value in excess of prevailing market quotations; in which event the application of the administrative rule would be unfair to the government. * *"

It is said in the annotation in 117 A.L.R., at page 151:

> " * * * The view which appears to have been adopted in the most recent decisions is that, although there is no rule or presumption that the value of a large block of stock is less per unit than the unit market price of small lots, nevertheless the size of the decedent's holdings may be a factor affecting the value of his stock and evidence in that regard may be considered."

The case of Bingham's Adm'r v. Commonwealth, 196 Ky. 318, 244 S.W. 781, supports the Commission's position. There the question was squarely raised and this court held that the size of a block of stock is not a factor to be considered in its valuation for inheritance tax purposes. The Bingham case was cited with approval in Board of Sup'rs of City of Frankfort v. State Nat. Bank of Frankfort, 300 Ky. 620, 189 S.W.2d 942, but it was not necessary in that case to rely wholly on the rule adopted in the Bingham case and the decision did not turn on that point.

It will be seen from the foregoing resume that the so-called "unit" rule adopted in the Bingham case is not in harmony with the weight of authority and especially with the later cases. Counsel for the Commission admit this and also admit that in many cases complete reliance upon the "unit" rule might result in prejudice to the state as well as the taxpayer. If the taxpayer is prohibited from introducing evidence to show that the stock exchange price of one share of stock on a given day does not represent the "unit" value of a block of similar stock in the hands of the taxpayer, so is the Commission. Obviously the rule must work both ways. Moreover, if both the Commission and the taxpayer are irrevocably bound to accept the stock exchange price of one share of stock as the unit of value for all other shares of similar stock an unnatural condition of the market created by an unusual sequence of events or even by intentional manipulation could result in injustice to the taxpayer in some cases and to the Commission in others.

 We conclude, not only from our examination of the authorities but as a matter of simple justice, that both the taxpayer and the Commission should have the right to introduce extraneous evidence for the purpose of showing that the price for which stock is sold on a stock exchange on a given date does not necessarily represent the unit value of similar stock held by the taxpayer on that date. We do not undertake to say how much weight the Commission should give to such evidence if it is introduced. Undoubtedly the stock exchange price would be the best evidence of value in most cases. That would be prima facie the value of the stock. But the Tax Commission, whose duty it is to determine the actual fair cash value of the stock in the manner prescribed by the Constitution, should be permitted to hear competent evidence which might rebut the presumption created by the stock exchange price. We do not recognize the "blockage" valuation as the dominant, much less the exclusive, criterion

of taxable value, but we are of the opinion that in some cases the amount of the stock and the difficulty of reducing it to its equivalent in money are factors which should be given consideration in fixing the valuation.

To the extent that the Bingham case and the State National Bank case, referred to above, are inconsistent with the views expressed in this opinion, they are now overruled.

The judgment is reversed for proceedings consistent with this opinion.