**UNITED STATES of America, Plaintiff,**

**v.**

**2,490.70 ACRES OF LAND, MORE OR LESS, SITUATE IN LAUREL AND WHITLEY COUNTIES, STATE OF KENTUCKY, and Cumberland Mineral Company, et al., Defendants.**

Civ. A. No. 2215.

United States District Court, E. D. Kentucky, London Division.

Aug. 20, 1980.

---

**2.** 20 C.F.R. Section 404.1532(a).

Patrick H. Molloy, U.S. Atty., Lexington, Ky., for plaintiff.

Paul Braden, Corbin, Ky., David E. Rodgers, Knoxville, Tenn., Grant F. Knuckles, Pineville, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

The United States has condemned and taken 2,490.70 acres of the property of defendant, Cumberland Mineral Company. The dispute in this case concerns the amount to be paid to the defendant as just compensation for its land. See U.S.Const. Amend. V. This issue has been referred, by order of this Court, upon the Report and Recommendation of the United States Magistrate, to a Panel of Land Commissioners. See Fed.R.Civ.P. 71A(h). The Commissioners, having heard evidence on the issue of just compensation, have issued their report.

The report of the Land Panel finds as facts that: 1) The land in question was taken on March 23, 1973; 2) All valuation witnesses were qualified as experts; 3) The highest and best uses of the land at the time of the taking were the mining of coal and exploration for gas and oil; and 4) the adjacent land owned by defendants was not affected by the taking. The report also notes that all of the witnesses felt that there were no comparable sales. However, the Land Panel nevertheless appears to use the sale of Cumberland Mining Company's mineral rights to the remaining tract of land as a comparable sale. The amount received per acre for the sale of the remainder to Shamrock Coal Co. was modified by the blockage rule, which, applied to the instant case, states that a large tract of property may be worth less per acre than a smaller parcel of land. See *Helvering v. Safe Deposit & Trust Co.*, 95 F.2d 806 (4th Cir.1938); *Citizens Fidelity Bank & Trust Co. v. Reeves, Ky.*, 259 S.W.2d 432 (Ky. 1953).

The United States, plaintiff, objects to the Land Panel's Report as conclusory. It is, the plaintiff asserts, inconsistent with the requirement that the Commissioners carefully and clearly explain their reasoning. *U.S. v. Merz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). In addition, the plaintiff objects to the exclusion of evi-

dence regarding the details of the use of a Wilcox Miner.

The defendant, Cumberland Mineral Co., asserts as well that the Panel's report is conclusory in violation of the guidelines set in *Merz*. Also, the defense suggests that the Commissioners have erroneously relied upon their own judgment in valuing the property, rather than basing their evaluation on the evidence presented.

■ The trial of this case was before a duly authorized Land Panel, under the authority of rule 71A(h). The panel's report may be adopted, modified, or rejected in whole or in part, by the Court. Fed.R. Civ.P. 53(e)(2). The Court should adopt the report of the Commissioners unless it is clearly erroneous. *U. S. v. Merz, supra*. However, a precondition to reviewing the report under this standard is that the Court know what it is that has been decided. *U. S. v. Lewis*, 308 F.2d 453 (9th Cir.1962).

The findings and conclusions we review must be expressed with sufficient particularity to allow us to determine rather than speculate that the law has been correctly applied. *Hydrospace-Challenger, Inc. v. Tracor/MAS, Inc.*, 520 F.2d 1030 (5th Cir.1975).

■ In *U. S. v. Merz, supra*, the United States Supreme Court set the standards for an acceptable report by the Commissioners in an eminent domain proceeding. A report must clearly delineate the reasoning used in reaching the amount of the award, the standard followed, the line of testimony adopted, and so on. *U. S. v. Merz, supra*, 376 U.S. at 198, 84 S.Ct. at 643. The report of the Land Panel does not meet this standard.

The Commissioners discuss thoroughly the history of this case, covering the relevant testimony for each side. However, at the conclusion of their report, the Commissioners give a cursory explanation of the reasoning they used in reaching their conclusions. The panel notes that in the view of all of the valuation witnesses the sale to Shamrock was not comparable. The panel does not explicitly state that it nonetheless considers the sale to be comparable, yet it appears to so hold.

Furthermore, the panel does not clearly explain why the $66 per acre price of the Shamrock sale was raised to $100 per acre. The underlying reason appears to be that because the later sold parcel was so much larger than the condemned tract it would sell for a lower per acre price. The Commissioners do not explain, as they should, the basis for raising the $66 per acre figure to $100 per acre, rather than, for example, $75 or $150 per acre. Even assuming that we could reconstruct the panel's analysis of the testimony and clarify their conclusions, it would be inappropriate to do so. At this point it is the responsibility of the Land Panel, not the reviewing District judge, to explain the reasoning behind the Panel's proposed award. *U.S. v. 20.53 Acres of Land, etc.*, 478 F.2d 484 (10th Cir.1973).

In light of the inadequacy of the Land Panel's report, the Court may determine the issue upon the record before it, or remand the case to the panel for another report, with or without further evidentiary proceedings. Fed.R.Civ.P. 53(e)(2).

The Court will remand this action to the Land Panel for reconsideration, revision and clarification of its report. The resolution of this case has taken far too long. This Court is now attempting to ensure the most expeditious resolution of this case, consistent with the applicable law.

It is possible that upon resubmission of the case to the Land Panel, it will decide that only a clarification of its report is necessary. If so, it is preferable that the panel be given an opportunity to make the needed changes, rather than this Court attempt to resolve the dispute upon the existing record. The Land Panel is in a better position than this Court to evaluate the credibility of the witnesses. Although the Land Panel had the benefit of observing the witnesses in person, this Court now has only a cold record to evaluate.

The Government has also raised the issue of the Land Panel's exclusion of testimony. According to the plaintiff, the Land Panel has excluded both proposed direct testimo-

ny and cross-examinations of defense witnesses concerning the Wilcox Miner. The record is not sufficiently clear concerning the Land Panel's reasons for excluding this evidence, although it appears that the proffered direct testimony was excluded in part perhaps because of what the Panel viewed as insufficient notice to the defendants. Rather than this Court now deciding whether the Land Panel acted clearly erroneously in excluding the testimony, based only on a printed record and the assertions of the parties, it is preferable to have a clear statement of the reasoning of the Land Panel so that meaningful review can be afforded.

However, in view of the length of time this case has taken, the Court desires to advise the panel of its preliminary views on this matter. If the panel relies on a comparable sale to determine the value of the parcel in question then the disputed testimony is not so directly relevant that its exclusion is clearly erroneous. If the panel bases its judgment on some other theory of valuation, e. g. unit times price, then the evidence is clearly relevant. It appears that the exclusion of the tendered direct testimony is nonetheless not clearly erroneous, if based on the failure of the plaintiff to properly notify defendant of its proposed use. However, this reasoning does not apply to the cross-examination of defendant's witnesses on a relevant point. The Court is persuaded that, if the basis for evaluation of the land is other than by a comparable sale, the prohibition of the cross-examination of defendant's witnesses concerning the Wilcox Miner may well constitute error. These observations are tentative as the Court is without the benefit of the Land Panel's reasons for excluding the testimony.

The Court would like to amplify the Instructions to the Commission issued March 17, 1975, especially II(c)(1)(n), relating to the explanation of the panel's reasoning. The Court's main concerns are that the panel's report should include a clear and specific statement of what standards of value were accepted, e. g. comparable sales, and what line of testimony was relied on and why. *U.S. v. Merz, supra*; See *Instructions to Commissioners*, 61 F.R.D. 503 (E.D.Tenn.1973).

IT IS THEREFORE ORDERED that this case is hereby remanded to the Land Panel for clarification of its report.