**HAMMONTON INVESTMENT AND MORTGAGE COMPANY,**
Petitioner

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 13232.

United States Court of Appeals Third Circuit.

Argued Nov. 28, 1960.

Decided Dec. 16, 1960.

I. Finkelstein, Philadelphia, Pa., for petitioner.

Morton K. Rothschild, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

The Tax Court disallowed part of the reserve for bad debts claimed by the taxpayer for the years 1951, 1952 and 1953. Section 23(k) (1) of the 1939 Internal Revenue Code as amended by Section 113 (a) of the Revenue Act of 1943, c. 63, 58 Stat. 21, 26 U.S.C. § 23(k) (1), allows as a deduction from gross income " * * * (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts;" Treasury Regulations 111, promulgated under the Internal Revenue Code of 1939, Section 29.23(k)–5 is applicable to the year 1951. It provides that what constitutes a reasonable addition to a reserve for bad debts " * * *

must be determined in the light of the facts. \* \* \* It will depend primarily upon the total amount of debts outstanding as of the close of the taxable year, those arising currently as well as those arising in prior taxable years, and the total amount of the existing reserve." Section 39.23(k)–5(a) (1) and (2) of Treasury Regulations 118, promulgated under the 1939 Code, is applicable to the years 1952 and 1953. It is substantially the same as the above referred to Section 29.23(k)–5 of Regulations 111.

The Tax Court found that the Commissioner, acting within the Statute and the Regulations, had allowed a more than adequate reserve for bad debts for the taxable years in the light of the taxpayer's experience and all the other facts. The Court was therefore unable to conclude that the Commissioner's determination " \* \* \* was either arbitrary or represented an abuse of discretion."

We are satisfied on the record that the decision of the Tax Court was justified and it will be affirmed.