**FINANCIAL CREDIT CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. 2241.

United States District Court
D. Idaho, E. D.
May 24, 1962.

Ralph Albaugh, Idaho Falls, Idaho, for plaintiff.

Sylvan Jeppesen, U. S. Atty., by Bruce A. Koppe, Arthur L. Biggins, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

This action was instituted by the plaintiff to obtain a refund on income taxes and interest paid to the Director of Internal Revenue for the District of Idaho as a result of adjustments made in plaintiff's 1953, 1955 and 1956 income tax returns by the Internal Revenue Service. Jurisdiction is based on 28 U. S.C.A. § 1346(a) (1).

Plaintiff is a corporation, organized and existing under and by virtue of the laws of the State of Idaho. It is engaged in the small finance and consumer loan business in the Upper Snake River Valley of southern Idaho. Plaintiff began operations in 1947. In conducting its business affairs, plaintiff elected to maintain a reserve for bad debts; and, for tax purposes, plaintiff chose to make an addition to the reserve each year and to deduct the addition from its gross income as allowed by Section 23(k) (1), Internal Revenue Code of 1939, 26 U.S.C.A. § 23(k) (1); and Section 166(c), Internal Revenue Code of 1954, 26 U.S.C.A. § 166 (c). Following this practice, plaintiff made a $10,200 addition to its existing reserve for bad debts in each of the years in question and deducted the same in computing its taxable income. However, the Internal Revenue Service disallowed said additions and determined that plaintiff was entitled to no tax free additions to its existing reserve in the years 1953 and 1955, and that plaintiff was entitled to such an addition of only $1,491.60 for the year 1956. Consequently plaintiff's taxable income was increased in each of said years and plaintiff's taxes were increased accordingly. The Internal Revenue Service made a deficiency assessment which plaintiff paid and then instituted this action for a refund.

This action was tried by the Court without a jury on November 6, 1961. The parties submitted their evidence and, in lieu of oral argument, elected to submit the matter for the Court's determination on written briefs.

A taxpayer who chooses to deduct an addition to a reserve for bad debts from gross income when computing his taxable income, in lieu of deducting debts which actually become worthless during the taxable year, is subject to the controls established by the provisions of the 1939 and 1954 Internal Revenue Codes, supra. The addition made must be reasonable and its allowance as a deduction rests within the discretion of the Commissioner of Internal Revenue. His determination that an addition is unreasonable and, hence, not a proper deduction, is presumed to be correct. Imperial Type Metal Co. v. Commissioner of Internal Revenue, 106 F.2d 302 (3rd Cir. 1939); Art Metal Construction Co. v. United States, 17 F.Supp. 854, 84 Ct.Cl. 312 (1937). The Commissioner's determination is reviewable, but the taxpayer must sustain the heavy burden of showing that his determination was either arbitrary or represented an abuse of discretion before the courts will interfere. Hammonton Investment & Mortgage Co. v. Commissioner of Internal Revenue, 284 F.2d 950 (3rd Cir. 1960); American State Bank v. United States, 279 F.2d 585 (7th Cir. 1960); S. W. Coe & Co. v. Dallman, 216 F.2d 566 (7th Cir. 1954).

The guides for determining what constitutes a reasonable addition to

a reserve for bad debts for tax purposes are set forth in Section 39.23(k)–5(a)(1) and (2), Treasury Regulation 118, Internal Revenue Code of 1939; Section 1.166–4, Treasury Regulations, Internal Revenue Code of 1954. In general, consideration should be given to the class of business, the conditions of business prosperity, the total amount of the debts outstanding at the close of the taxable year and the total amount of the existing reserve. The taxpayer should keep in mind that a reasonable addition to his reserve for tax purposes does not encompass the anticipation of every possible future contingencies which might effect the credit situation. American State Bank v. United States; S. W. Coe & Co. v. Dallman, supra. Inasmuch as the taxpayer is allowed to make annual additions to his reserve for tax purposes, reasonable additions may be made in future years to take care of such contingencies when and if it becomes probable that they will occur. His experience in the business and his knowledge of the more general current credit situation should play the predominant role in his annual determination. See Paramount Liquor Co. v. Commissioner of Internal Revenue, 242 F.2d 249 (8th Cir. 1957). There is nothing, however, to prevent a taxpayer from making an addition to his reserve over and above that amount determined to be reasonable and deductable by the Commissioner of Internal Revenue. He will be required to pay a tax only on the surplus.

■ Considering these guides for determining what is a reasonable addition for tax purposes, along with the evidence and briefs of the parties, it is the opinion of this Court that plaintiff has not sustained its burden of showing that the Commissioner abused his discretion in disallowing plaintiff's additions for the years 1953 and 1955, and in limiting its addition to $1,491.60 for the year 1956.

In the years in question, plaintiff's outstanding receivables were as follows:

| | |
|---|---|
| 1953 | $1,600,930.99 |
| 1955 | $2,013,542.38 |
| 1956 | $2,167,399.49 |

The reserve which plaintiff claims it should have been allowed, the reserve allowed by the Commissioner and plaintiff's actual loss experiences were as follows:

| | Plaintiff's Claim | Reserve Allowed | Actual Loss |
|---|---|---|---|
| 1953 | $37,132.19 | $23,447.45 | $4,262.08 |
| 1955 | $39,059.27 | $21,541.80 | $2,643.54 |
| 1956 | $47,984.74 | $20,490.99 | $5,218.33 |

The relationship of these figures to the outstanding receivables is:

| | Plaintiff's Claim | Reserve Allowed | Actual Loss |
|---|---|---|---|
| 1953 | 2.32% | 1.45% | 0.27% |
| 1955 | 1.94% | 1.07% | 0.13% |
| 1956 | 2.21% | 0.95% | 0.24% |

It is evident from a comparison of these figures that the Commissioner allowed plaintiff to maintain a reserve of approximately four times its actual loss experience. Plaintiff, by what it considers reasonable additions to the reserve,

wants to maintain a reserve of approximately eight times its actual loss experience.

To justify its claims for a reserve of approximately twice as large as that allowed by the Commissioner, the plaintiff produced witnesses who testified about the prospects for business prosperity and the general credit situation. It was shown that plaintiff's business prior to, and during, the years in question primarily involved automobile financing. During this period the automobile market had changed from a seller's to a buyer's market and it was believed that this change materially affected the credit situation with respect to automobile financing. Plaintiff's witnesses also testified to the effect that the general prosperity which the area had enjoyed throughout this period would, in a normal business cycle, lead to less prosperous times. Hence, plaintiff argues that its additions to the reserve should be allowed to bring it up to an amount which would protect it against such contingencies. However, it has been pointed out, the mere possibility of such contingencies' occurring does not justify such additions for tax purposes. American State Bank v. United States, supra. Furthermore, this case was tried in 1961 and plaintiff had the advantage of hindsight in attempting to show the need for higher reserves in 1953, 1955 and 1956. Yet plaintiff's witnesses failed to point to any events which transpired during the years in question, or within a reasonable time thereafter, which had any material effect on the credit situation in plaintiff's business.

Finally plaintiff attempted to show that the Commissioner's determination was unreasonable because other businesses were allowed to carry a larger reserve than plaintiff. Some of these businesses were similar in nature to plaintiff's and they did carry a larger reserve, but, for the most part, their loss experience had also been greater than plaintiff's loss experience. Regardless, such evidence has little relevancy. The issue here is whether or not plaintiff's reserves were reasonable and adequate. In this respect some of plaintiff's witnesses were of the opinion that a reserve two and one-half times larger than the actual loss experience was reasonable and adequate. The reserves allowed plaintiff, despite the Commissioner's determinations, were approximately four times larger than its actual loss experience. Under these circumstances, the only conclusion which can be reached is that the Commissioner did not act arbitrarily, or unreasonably, in disallowing the additions made by plaintiff for the years 1953 and 1955, and limiting plaintiff to an addition of $1,-491.60 for the year 1956.

In accordance with the above and foregoing plaintiff is not entitled to have and receive anything by virtue of its complaint.

Counsel for the defendant shall prepare Findings of Fact, Conclusions of Law, and a proposed Judgment, serve copies of the same on counsel for the plaintiff, and submit the originals to the Court.